UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN DEARTH, et al.,

      Plaintiffs,                        Case No. 2:06-cv-1012
                                            JUDGE GREGORY L. FROST
      v.                               Magistrate Judge Mark R. Abel

ALBERTO GONZALES, et al.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' Motion to Dismiss or, in the alternative, Transfer (Doc. # 15-1), Plaintiffs' memorandum in opposition (Doc. # 17-1), and Defendants' reply memorandum (Doc. # 18). For the reasons that follow, the Court finds the motion well taken.

**I.  Background**

The Court will assume for the purposes of deciding the instant motion that the well-pleaded allegation in Plaintiffs' First Amended Complaint are true. Plaintiffs include Stephen Dearth and the Second Amendment Foundation, Inc. ("SAF"). Dearth is a natural born citizen of the United States who currently resides in Canada. He apparently does not have a residence in the United States, but was born and raised in Mount Vernon, Ohio. SAF is a non-profit membership organization incorporated under the laws of the state of Washington with its principle place of business in Bellevue, Washington. The organization's purported mission concentrates on the constitutional right to privately own and possess firearms.

In January 2006, Dearth attempted to buy a firearm at a sporting goods store in Minnesota. (Doc. # 17-1, at 14 n.3). Because Dearth does not possess a Federal Firearms License, he was required before completing the purchase to complete "Form 4473, Firearms Transaction Record Part 1 - Over-The-Counter, OMB 1140-0020." (Doc. # 13 ¶ 15.) Question 13 on Form 4473 asks "What is your state of residence (*if any*)?" (Doc. # 13 ¶ 15.) Because Dearth does not reside in a state in the United States, he was unable to provide a response to question 13. Upon his inability to answer the question, the transaction was terminated. Dearth then contacted the Federal Bureau of Investigations ("FBI"), which advised him that he could not purchase a firearm on account of his lack of domestic residence, under 18 U.S.C. § 922(a)(9), if the purchase was for a reason other than lawful sporting purposes.

Dearth and SAF subsequently filed suit against Attorney General Gonzalez on November 29, 2006. (Doc. # 3.) Plaintiffs later filed their First Amended Complaint in February 2007 and named as an additional defendant United States Attorney Gregory Lockhart. (Doc. # 13.) In the Amended Complaint, Plaintiffs allege that Defendants are violating their individual rights under the Second Amendment. They also assert violations of equal protection and the right to travel.

Defendants have filed a motion to dismiss or to transfer, arguing that venue in improper. (Doc. # 15.) Plaintiffs contend that venue is appropriate in the Southern District of Ohio under either § 1391(e)(1) or (2) as to both defendants. The parties have briefed the issues involved, and Defendants' motion is now ripe for disposition.

## II.  Discussion

### A.  Standard Involved

Under Fed. R. Civ. P. 12(b)(3), a defendant can raise by motion the defense of "improper venue."  Once a defendant raises the defense of improper venue, those district courts in this Circuit that have addressed the issue have generally assigned the plaintiff the burden of establishing that venue is proper for each claim asserted in the complaint.  *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002); *NCR Corp. v. Gartner Group, Inc.*, No. C-3-96-121, 1997 WL 1774881, at *3 (S.D. Ohio Sept. 15, 1997).  *But see* 2 James W. Moore, *Moore's Federal Practice* §12.32[4], at 12-50.1 (3d ed. 2003) ("Generally, the party challenging venue has the burden of proving its impropriety"); 17 James W. Moore, *Moore's Federal Practice* §110.01[5][c], at 110-22 to 110-22.1 (3d ed. 2003) (collecting several Sixth Circuit district court cases placing the burden on the defendant).  This Court regards the assignment of the burden to a plaintiff with suspicion, given the nature of the affirmative defense being asserted, but notes that even an erroneous assignment of the burden in this case would be harmless given the following analysis.  *See Johnson v. Frederick and Lewis Timber and Equip. Co.*, 181 F.3d 101, 1999 WL 313876, at *2 (6th Cir. 1999) (unpublished table decision) (identifying improper venue as an affirmative defense); *United States v. 31,200 Talwin 50 mg Tablets & Various Other Controlled Substances*, 812 F.2d 1409, 1987 WL 36256, at *1 (6th Cir. 1987) (unpublished table decision) (same).

More clear is that a district court may in its discretion choose to dispose of a motion to dismiss for improper venue upon written submissions alone or by conducting an evidentiary

hearing.  *Centerville ALF, Inc.*, 197 F. Supp. 2d at 1046.  If the district court decides the motion without a hearing, the " 'plaintiff must present only a *prima facie* showing of venue,' " *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990) (quoting *DeLong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)), and the court " 'must consider the pleadings and affidavits in the light most favorable to the plaintiff.' " *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980), *cert denied*, 450 U.S. 981 (1981)).

If venue is not proper, the district court may, in its discretion, either dismiss the case or transfer it to any other place the case might have been brought.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  Even if venue is proper, the district court still may transfer the case to a more convenient forum pursuant to the provisions of 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See also Hoffman v. Blaski,* 363 U.S. 335, 343-44 (1960) (holding that the transferee court must have personal jurisdiction and proper venue over the action, notwithstanding the defendant's willingness to waive them, before a transfer under § 1404(a) is proper).

**B.  Analysis**

When an officer or employee of the United States acting in his official capacity is a defendant, venue is proper in any judicial district in which

> (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e). Pursuant to 28 U.S.C. § 1391(e), then, the test for proper venue in this case requires the Court to determine whether: (1) Defendant Lockhart is a proper defendant, as case law recognizes that Defendant Gonzales is considered a resident of the District of Columbia for venue purposes, *see Doe v. Casey*, 601 F.Supp. 581, 584 (D.D.C. 1985), *reversed on other grounds*, 796 F.2d 1508 (C.A. D.C. 1986), or (2) a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio. Analysis under the third prong of the venue statute is unnecessary because Plaintiffs do not allege that they are residents of the Southern District of Ohio

Plaintiffs' First Amended Complaint added as a defendant Lockhart. Defendants challenge this late addition as an attempt to manipulate the venue provision and ask the Court to use its authority pursuant to Federal Rule of Civil Procedure 21 to drop Defendant Lockhart from the case. This Court concludes that Defendant Lockhart is an improperly named defendant and accordingly excises him from this case pursuant to Rule 21.

Rule 21 provides that "[p]arties may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. Although the rule is titled "Misjoinder and Non-Joinder of Parties," Rule 21 " 'authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance.' " *Taylor v. CSX Transportation, Inc.*, Nos. 3:05 CV 7383 & 3:06 CV 1116, 2007 WL 120154, at *2 (N.D. Ohio Jan. 10, 2007) (quoting *Wyndham Assocs. v. Bintliff*,

398 F.2d 614, 618 (2nd Cir. 1968)). "In fact, the language of Rule 21 does not limit its application to joinder, but only limits its use to 'such terms as are just.' " *Id.* Thus, courts have employed Rule 21, even without misjoinder, "to preserve personal jurisdiction, subject matter jurisdiction, and venue, as well as to facilitate transfer to another venue." *Id.* (citing 4 J. Moore, et al., Moore's Federal Practice § 21.02[1] (3d ed. 2006)).

Use of Rule 21 is appropriate here in light of the rules regarding venue. The venue statute makes " 'it possible to bring actions against Government officials and agencies in U.S. district courts outside the District of Columbia,' " *Stafford v. Briggs*, 444 U.S. 527, 539 (1980) (quoting H.R. Rep. No. 1939, at 1 (1960)). But Plaintiffs' addition of Defendant Lockhart is a late-in-the-day act of redundancy. The Attorney General supervises "*all litigation* to which the United States . . . or officer thereof is a party, and *shall direct all* United States attorneys . . . in the discharge of their respective duties." 28 U.S.C. § 519 (2000) (emphasis added). Therefore, by naming Defendant Lockhart as an additional defendant, Plaintiffs added an unnecessary party to a suit that was properly filed against Defendant Gonzales, and by extension, the United States.

There is thus sufficient justification for excising, or dropping, Defendant Lockhart from the present case. *Cf. Liberty Mut. Ins. Co. v. Batteast by Batteast*, 113 F.R.D. 77, 81 (N.D.Ill. 1986) ("Rule 21 gives district courts the power to dismiss improperly named defendants to prevent the manipulation of the venue provisions of the Judicial Code in an attempt to defeat the ends of justice"); *Kings County Econ. Cmty. Dev. Ass'n v. Hardin*, 333 F. Supp. 1302, 1304 (N.D. Cal. 1971) (predicating transfer based on "the general rule that venue is confined to districts with some minimum contact with the real parties in interest or the subject matter of the action"). This decision cannot prejudice Plaintiffs, because should they ultimately prevail in

their litigation, Plaintiffs can obtain full relief by litigating against only Defendant Gonzales and not the unnecessary party of Defendant Lockhart. *See Comm. for Pub. Educ. and Religious Liberty v. Rockefeller*, 322 F. Supp. 678, 686 (D.C.N.Y. 1971) (dropping named defendant under Rule 21 because prevailing over the remaining defendants would afford the plaintiff the full relief sought).

Plaintiffs allege that venue is nonetheless proper under 28 U.S.C. § 1391(e)(2) because their cause of action is being brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, as a pre-enforcement action. Plaintiffs claim that the challenged law restrains Dearth from purchasing firearms in the Southern District of Ohio and that this restraint is a "substantial part of the events or omissions giving rise to the claim." 28 U.S.C. § 1391(e)(2). The Court is not convinced that this allegation establishes that venue is appropriate in this District.

"Venue for actions under the Federal Declaratory Judgment Act is controlled by the federal venue statutes." 28 U.S.C. § § 2201, 2202. Because the Federal Declaratory Judgment Act makes no provision as to the venue of an action in which declaratory relief is sought, the venue of such actions is controlled by the federal statutes relating to venue. *See Barber-Greene Co. v. Blaw-Knox Co.,* 239 F.2d 774, 776 (6th Cir. 1957). Therefore, venue is proper under § 1391(e)(2) where a "substantial part of the events or omissions giving rise to the claim occurred." Courts applying this statute look first at what events give rise to the claim. *Rogers v. Civil Air Patrol*, 129 F. Supp. 2d 1334, 1338 (M.D. Ala. 2001). Section 1391(e)(2) requires a court to focus on the actions of the defendant and not of the plaintiff. *Rogers*, 129 F. Supp. 2d at 1338-39 (citing *Gaines, Emhof, Metzler & Kriner v. Nisberg,* 843 F. Supp. 851, 854 (W.D.N.Y. 1991)).

Plaintiff Dearth claims that the current laws and regulations pertaining to the purchasing of firearms require his compliance in the Southern District of Ohio. However, he admits that he has not tried to purchase a firearm in Ohio, but instead unsuccessfully tried to purchase a firearm in Minnesota. (Doc. # 17-1, at 14 n.3). Allegations that Dearth is complying with an unconstitutional law for fear of prosecution in this judicial district cannot support venue under § 1391(e)(2). *See Rogers*, 129 F. Supp. 2d at 1339. That section provides for venue where "a substantial part of the events or omission giving rise to the claim *occurred*." 28 U.S.C. 1391(e)(2) (emphasis added). The evidence Plaintiffs have submitted in support of venue involved a single event that occurred in Minnesota, not the Southern District. (Doc. # 17-1, at 14 n.3). That event does not logically give rise to Plaintiffs' claims in the Southern District.

Plaintiffs also argue that because this is a declaratory judgment action, the place of possible injury is relevant to the venue decision. (Doc. # 17-1, at 7). Plaintiffs assert that jurisdictional principles of a party's standing are relevant and that venue in a declaratory judgment action lies where Plaintiffs may suffer a injury from the operation of the statute. (Doc. # 17-1 at 8-9). Plaintiffs accurately cite cases holding that courts do not require a plaintiff to submit himself to liability or threatened prosecution prior to bringing suit. *See MedImmune Inc. v. Genentech, Inc.*, _ U.S. _, 127 S. Ct. 764 (2007). But these "authorities do not provide any support for the argument that standing must or even should be considered as a factor in determining proper venue." *Seariver Maritime Financial Holdings, Inc. v. Pena*, 952 F. Supp. 455, 460 (S.D. Texas 1996). The Court's authority in "determining proper venue, Section 1391(e), makes no mention of standing." *Id.* Thus, the Southern District of Ohio is an improper

venue for the instant case because "a substantial part of the events or omissions giving rise to claim" have not occurred here.

Even if the Court is mistaken in this regard, dismissal is still warranted. As noted, Defendants have requested, alternatively, that the Court transfer this action to the District Court of the District of Columbia. (Doc. # 17-1, at 25 n.10.) The Court recognizes that venue as to Defendant Gonzales would be proper in the District of Columbia because the Attorney General resides in that judicial district for venue purposes. *See Doe v. Casey*, 601 F. Supp. 581, 584 (D.D.C. 1985). The District of Columbia would also serve as a proper venue under § 1391(e)(2) because Plaintiffs are challenging the constitutionality of federal legislation and the District of Columbia "would appear to be an obvious choice." *Seariver,* 952 F. Supp. at 462. The District of Minnesota would arguably also serve as an appropriate venue under § 1391(e)(2) because Plaintiff Dearth alleges that he attempted to purchase a firearm at a sporting good store located in Minnesota. Setting aside speculative issues of potential forum shopping by both sides, the interests of justice dictate that either forum would serve as a more proper and convenient forum than the Southern District of Ohio.

The Court need not weigh whether transfer is more appropriate than dismissal, however, because Plaintiffs have expressly *asked* for the dismissal of this case if the Court determines that venue in the Southern District of Ohio is flawed. Thus, in light of Plaintiffs' request and the Court's conclusions that venue here is improper or, if proper and concurrent, inconvenient compared to alternative forums, the Court **DISMISSES** the case without prejudice.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss (Doc. # 15) and GRANTS Plaintiffs' contingent request for dismissal (Doc. # 17).  The Court excises, or drops, Defendant Lockhart as a party and **DISMISSES** this case **WITHOUT PREJUDICE**. The Clerk is instructed to enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED**.

    s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE